Curia, per Butler, J.
It is unimportant in this case whether the defendant be regarded as the drawer of a bill of exchange on the original maker, or the indorser oí the note after it was due. The rights and liabilities of the parties would be essentially the same, whether regarded as one or the other. The paper being past due, and, in mercantile contemplation, dishonored, it was not subject to the same rules that would be applicable to anote indorsed before it was due. The invariable presumption of the law should be, that where one indorses a note when past due, he does so on the knowledge that payment has been demanded and refused by the maker. The indorsee takes the note, under such circumstances, as much on the credit oí the indorser, as upon that of the maker. When the paper is transferred by such indorsement, the indorser, in effect, says to his indorsee, this note was not paid to me when demanded, and I now give you the right and authority to collect it for the payment of your debt; but if you cannot collect it, by such reasonable diligence as you may employ, then I am to be regarded as incurring the liability of a new party, or additional maker of the note; my liability is postponed, and depends on your ability to collect the money from the original maker. The obligation is to become absolute on the failure of collection, and can only be discharged upon the ground that the holder or indorsee has not done all that was incumbent on him, in procuring collection. The most obvious understanding between the parties is, that the indorsee should, on his part, proceed de novo to make a demand of the maker, and unless the in-dorser is informed, by notice, that such demand has not been complied with, he has every reason to suppose that *72 he is not to be looked to on his indorsement. Demand and notice, therefore, must be regarded as a part of the duty imposed on the indorsee, before he can resort to the liability of the indorser as a new maker of the note. This demand and notice should be made and given in a reasonable time, which will vary according to the situation and circumstances of the parties. The indorsee is to be regarded, in some measure, as the agent of the indorser to collect and apply the money in discharge of his demand. Having taken the paper as a conditional substitute for his own demand against his immediate debtor, both interest and duty concur in requiring him to proceed with proper diligence against the party primarily liable. This diligence does not admit of such exact definition as always to be a question of law, but must, it would seem from our decisions, be left, under all the circumstances of the case, to the decision of a jury. The kind of diligence that should be observed and pursued by an indorsee, in respect to the collection of a note indorsed before due, is well settled by certain and acknowledged rules, and is such as always to make it a question of law for the court. These general principles have not been always observed in our own decisions. The distinction between notes indorsed before or after due, has been, in some instances, confounded. In the case of Chadwick vs. Jeffers, 1 Rich. 397, they are, however, recognised, if not authoritatively ruled. This decision goes far to modify the previous cases, and I am willing to acquiesce in its correctness, believing that it will bring our law to the true and generally acknowledged commercial doctrine on the subject. The doctrine is this — that an indorser of a promissory note, whether to bearer or order, after it is past due, is an additional maker, with a postponed liability, depending on the diligence of his indorsee, which must always be left as a question of fact to the jury.
Taking this view of the case, which I am willing to regard as the one to govern it, the order of non-suit made on the circuit should be set aside. For the purpose of having the case tried according to these principles, the case is sent back for a new trial.
Richardson, O’Neall, Evans, Wardlaw and Frost,. ÍJ. dbncurred.